LESTER SCHWAB KATZ & DWYER, LLP
100 WALL
NEW YORK, N.Y.
(212) 964-
FAX: (212) 

DENNIS M. ROTHMAN
Writer's Direct Dial: (212) 341-4343
E-Mail: drothman@lskdnylaw.com

> Defendant's request for a pre-motion conference is granted. The conference shall be held by telephone on April 6, 2021 at 10:30 a.m. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code: 3456831.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequences pending at Doc. 36 and Doc. 37.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> March 5, 2021

February

By ECF

Hon. Philip M. Halpern
United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007

Re: *Jones v. Trans Union, LLC*, 19 CV 6045 (PMH); Request for Pre-Motion Conference for Discovery Issues.

Dear Judge Halpern:

We represent defendant Systems & Services Technologies, Inc. (SST).

Pursuant to Sections 1(F) and 4(D) of your individual rules, and L. Civ. R. 37.2, SST requests a pre-motion conference to discuss SST's contemplated motion for relief under Rule 37 for Plaintiff's failure to properly and fully respond to SST's Request for Production, and to sign authorizations to allow SST to obtain critical documents from Trans Union, LLC and other non-parties.

Plaintiff asserts a claim under section 1681s-2(b) of the Fair Credit Reporting Act. SST received Plaintiff's responses to SST's Request for Production, Exhibit A, and other discovery responses, on February 5, 2021.

Plaintiff's responses to SST's Request for Production are deficient because they leave counsel for SST unable to tell if Plaintiff is in possession of responsive documents, what documents have been withheld, or if responsive documents exist to which Plaintiff does not have direct access or control. Moreover, Plaintiff redacted large portions of her Credit Karma reports, which contain information crucial to assessing Plaintiff's damages claim.

Additionally, Plaintiff did not sign and return the authorizations SST supplied for SST to obtain documents from Trans Union, LLC and other non-parties relating to Plaintiff's alleged damages. SST can obtain the information it needs only by authorizations. Trans Union, LLC, for example, will not release consumer information, even under subpoena, without Plaintiff's signed authorization.

LESTER SCHWAB KATZ & DWYER, LLP

Hon. Philip M. Halpern
February 19, 2021
Page 2

  SST contacted Plaintiff's counsel via email on Thursday, February 11, 2021, requesting an appointment to meet and confer about SST's concerns, stating SST's concerns in detail. Email, Exhibit B. Plaintiff's counsel did not respond.

  SST contacted Plaintiff's counsel via email on February 12, 2021, February 17, 2021, and February 18, 2021, requesting a meet and confer. Emails, Exhibit C. Plaintiff's counsel has not responded. Yesterday, SST's lawyer Amanda Loughmiller spoke briefly with Plaintiff's counsel by telephone. Plaintiff's counsel agreed to conduct a meet and confer on February 19, 2021, at 9:15 a.m. CST/10:15 a.m. EST with Ms. Loughmiller or her associate. LynAlise Tannery. Ms. Loughmiller's associate, called Plaintiff's counsel at the set time, but Plaintiff neither picked up nor called back in response to Ms. Tannery's voice mail, or her follow-up email, Exhibit D.

  Plaintiff's deposition is set for March 2, 2021. SST needs the documents it seeks to take an effective deposition and defend the case. Plaintiff should be required to submit unredacted Credit Karma reports, supplement her response to SST's request for production in accordance with Rule 34 and execute the authorizations.

  SST accordingly requests a pre-motion conference.

            Respectfully,

            S/ Dennis M. Rothman

            Dennis M. Rothman

Encs.

cc  (w encs.)(by ECF):
   All Counsel

4818-8787-9645/574-1471